United States District Court
Southern District of Texas
FILED

OCT 16 2012

David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**LAREDO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:11-CR-1091 |
| v. | ) | (12-CV-74) |
| | ) | |
| ROLANDO LUCIO-SANDOVAL, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION and ORDER** |

\*\* \*\* \*\* \*\* \*\*

Defendant Rolando Lucio-Sandoval has filed a motion for relief under 28 U.S.C. § 2255 [DE 1, 12-CV-74][1]. The Government has moved to dismiss Lucio-Sandoval's motion [DE 5, 12-CV-74] to which Lucio-Sandoval has responded [DE 6, 12-CV-74]. The Court being advised,

**IT IS ORDERED** that the Government's motion be, and the same hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion be, and the same hereby is, **DENIED**.

Lucio-Sandoval's judgment and sentence were entered on January 26, 2012 [DE 24]. Lucio-Sandoval did not appeal from his judgment and sentence [DE 23]. Lucio-Sandoval timely filed his Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or

---

[1] Unless otherwise indicated, all references to docket entries pertain to those for 11-CR-1091.

Correct Sentence on May 3, 2012, within a year of his conviction becoming final [DE 27].

Lucio-Sandoval was indicted on September 13, 2011, for unlawful re-entry by a deported alien in violation of 8 U.S.C. § 1326 [DE 7]. On October 13, 2011, Lucio-Sandoval entered a plea of guilty to the charge in the indictment pursuant to a written plea agreement whereby he agreed, among other things, to waive the right to appeal his conviction or sentence, and the right to contest his judgment or sentence in any post-conviction proceeding, including under 28 U.S.C. § 2255 [DE 13 at ¶¶ 8-9, DE 14-15]. On January 23, 2012, the court sentenced Lucio-Sandoval to 57 months imprisonment and a term of 3 years of supervised release. The Court also imposed a $100 special assessment [DE 24]. In accordance with his written plea agreement, Lucio-Sandoval filed a Notice of Non-Appeal after sentencing [DE 23]. Contrary to the express language of his plea agreement, Lucio-Sandoval filed this instant motion.

A fair reading of Lucio-Sandoval's motion for § 2255 relief reveals he is raising two issues. The first is that his counsel rendered ineffective assistance for failing to request a one or two-level downward departure for his consent to a stipulated administrative deportation order. It seems his second claim of error is that the Court erred in imposing a term of supervised release in his sentence. Both claims fall within the ambit of

Lucio-Sandoval's waiver of his right to appeal and/or collaterally attack his sentence.

Lucio-Sandoval entered into a written plea agreement with the United States which provided that in exchange for certain recommendations by the government pertaining to his sentence, he agreedto a waiver of collateral relief. A defendant's waiver of his statutory right to challenge his conviction under §2255, like a waiver of the right to appeal, is enforceable if the waiver is clear and unambiguous and the defendant knowingly and voluntarily waived his rights. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002)(citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). Here, Lucio-Sandoval's waiver was clear and unequivocal. It stated: "[t]he defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or 'collaterally attack' a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding" [DE 13 at ¶ 8]. Lucio-Sandoval further stated in the Addendum to the Plea Agreement that he read and carefully reviewed every part of the plea agreement with his attorney. He understood the agreement and voluntarily agreed to its terms [DE 13 at p. 2]. *See United States v. Bond*, 414 F.3d 542, 544 (5 Cir. 2005)(because the defendant indicated he read and understood the plea agreement, which included

explicit, unambiguous waivers of appeal, the [appellate] waiver was both knowing and voluntary).

The plea agreement was discussed during the rearraignment. Lucio-Sandoval testified he understood his right to appeal and the right to file a post-conviction petition under 28 U.S.C. § 2255, but wished to waive those rights pursuant to the terms of the plea agreement [DE 35 at pp. 17-18]. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)(when a plea agreement informs the defendant of his right to appeal his sentence and states that he forfeits that right, the waiver is enforceable if the record of the rearraignment clearly indicates the defendant has read and understands his plea agreement and has raised no question regarding the waiver provision).

A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)(Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy"). Additionally, "official documents, such as a plea agreement, are 'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. Soliz*, 359 Fed. App'x 466, 470, 2009 WL 5183797 (5th Cir. 2009)(quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).

"[A]n ineffective assistance of counsel argument survives a waiver of appeal [or § 2255 motion] only when the claimed assistance directly affected the validity of the waiver or the plea itself." *White*, 307 F.3d at 343. The waiver is fully enforceable, however, when the allegation of ineffective assistance of counsel does not directly affect the voluntariness of the defendant's guilty plea or waiver. *Id.* at 343-44. The opposite result would render waivers of appeal or collateral attack meaningless. *Id.* at 344. "If all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded." *Id.* (noting the Sixth Amendment right to effective assistance of counsel may be waived and need not be treated any differently)(citing *Johnson v. Zerbst*, 304 U.S. 458, 58 (1938)).

Lucio-Sandoval does not allege facts in his § 2255 motion that cast doubt on the validity of the plea agreement, the guilty plea, or the waiver of collateral review. He merely complains that counsel did not advise him of the potential of a sentencing reduction for consenting to an administrative deportation pursuant to a purported policy by the Attorney General.

Accordingly, his §2255 motion is barred by his waiver of collateral review, and should be dismissed with prejudice. *See Id.* at 340 (White's claim of ineffective assistance of counsel was barred by his waiver of collateral review since his claim only related to counsel's performance at sentencing and had no bearing on the voluntariness of his guilty plea); *United States v. Carreon*, Civ. Action No. B-08-195, 2009 WL 1043910 *6 (S.D. Tex. 2009)(waiver of collateral attack was enforceable where movant's primary § 2255 complaint was that he received ineffective assistance of counsel at sentencing); *Guillen v. United States*, Crim. No. 6:07, 2009 WL 485003 *5 (E.D. Tex. 2009)(§ 2255 motion was barred by waiver where movant failed to show that alleged ineffective assistance of counsel affected the validity of the waiver of the plea itself); *McGee v. United States*, Civ. Action No. 3:01-CV-2565G, 2002 WL 31298860 (N.D. Tex. 2002)(allegation counsel was ineffective at sentencing for not challenging the calculation of the guidelines did not impact the voluntariness of movant's guilty plea or waiver; thus, waiver of § 2255 relief was enforceable).

Luis-Sandoval's § 2255 motion shall be dismissed pursuant to his waiver of collateral relief. Alternatively, his motion shall be summarily denied on the merits since the motion, files, and records conclusively show he is not entitled to relief. 28

U.S.C. § 2255(b). *See United States v. Del Toro-Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007).

**IT IS SO ORDERED** this the 16th day of October, 2012.



Signed By:
*Joseph M. Hood* ⟨jmh⟩
Senior U.S. District Judge